CENTRAL RAILROAD COMPANY ET AL., PROSECUTORS, v.
THE BOROUGH OF ATLANTIC HIGHLANDS.

Argued February 19, 1907—Decided June 10, 1907.

A borough, the northerly boundary of which is high-water mark of a
bay, has no power to tax land and piers thereon lying outside of
high-water mark.

On *certiorari.*

Before Justices FORT, HENDRICKSON and PITNEY.

For the prosecutors, *George Holmes* and *William A. Barka-
low.*

For the defendant, *Charles R. Snyder.*

The opinion of the court was delivered by

FORT, J.   The borough of Atlantic Highlands was incorpo-
rated under the act of 1891.   *Pamph. L.,* p. 280.   This act
provided for a petition being presented to the Court of Com-
mon Pleas containing a description of the proposed borough,
and for an election by the people.   The petition was required
to recite the boundary lines of the proposed borough, and if
the election was favorable, the borough was established.   At-
lantic Highlands was incorporated under this act through a
favorable vote of the people.

By the agreed facts in this case it is admitted that the
boundaries, as established in 1891, by petition as aforesaid,
began "at a stake standing at high-water mark on the shore
of Sandy Hook bay, facing the easterly line of lands of the
Atlantic Highlands Association at the point or place of the
bluff known as Point Lookout, and running thence westerly
along and following the line of the shore of the stream at
present known as Wagner's creek."   Then the other courses

and distances are recited, returning in a final course to the place of beginning.

It is quite evident from this description that the northerly boundary line of the borough of Atlantic Highlands is to high-water mark of Sandy Hook bay.

The writ in this case brings up an assessment for taxes by the borough against the prosecutors for the pier and land owned by the Navesink Railroad Company, levied in 1905. It is admitted that the land taxed lies outside of high-water mark, running from high-water mark for a distance of about sixteen hundred feet into the bay, and that the property consists of piers, &c., erected upon said land, the whole being taxed as real estate.

We think this assessment must be set aside.

The borough has no power to tax outside of its corporate limits. A municipality's right of taxation is limited to property within its territory. *State v. Hull,* 1 *Dutcher* 561; 1 *Desty Tax.* 488; *Fort Smith Bridge Co. v. Hawkins,* 12 *L. R. A.* 487; *Pacific Sheet Metal Works v. Roeder,* 26 *Wash.* 183.

By the statute of 1891 the borough might be erected out of the township, and such was the case here. The township of which this borough previously formed a part was the township of Middletown, in the county of Monmouth. The boundary line of the county of Monmouth ran to a point outside of Sandy Hook to the centre of Raritan bay, to the Middlesex county line, and is co-extensive with the boundary line between the State of New Jersey and the State of New York at this point, and the boundary lines of Middletown township were co-extensive at this line with those of the county of Monmouth.

The land which is taken out of a township for the creation of a borough, of course, leaves in the township all not taken, and we think that the land here taxed by the defendant is only taxable by the township of Middletown.

In this case the question of accretions and the extension of

the shore or high-water line by alluvial deposits or by filling in by the proprietors is not before us, and hence does not have to be passed upon.

The tax must therefore be set aside.